# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-5302 PA (Ex) | | Date | August 21, 2014 |
|---|---|---|---|---|
| Title | Jayne Kaplan v. Peter Walts, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| R. Neal | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        **IN CHAMBERS - ORDER**

Plaintiff Jayne Kaplan ("Plaintiff") commenced this action in Los Angeles Superior Court against defendants Peter Walts, Deidre Walts, Carlos Carrillo, Jason Wilde, Mark Hammer, Los Angeles Police Department, Charlie Beck, Atul Gupta, Kaiser Permanente, and Del Amo Hospital. The Court has been advised by counsel that this matter has settled. The City of Los Angeles, on behalf of defendants Los Angeles Police Department, Jason Wilde, Carlos Carrillo, and Mark Hammer filed a Notice of Removal based on the Complaint's fifth claim for violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983.[1] The Los Angeles Police Department, Chief Beck, and officers Jason Wilde, Carlos Carrillo, and Mark Hammer (collectively the "Municipal Defendants") are also named in the Complaint's third claim for false imprisonment and fourth claim for battery.

The Complaint also asserts state law claims for violations of California Welfare and Institutions Code section 5150 and negligence against Peter Walts, medical malpractice, false imprisonment, and battery against defendants Atul Gupta and Kaiser Permanente, and false imprisonment against Del Amo Hospital.[2] The Notice of Removal asserts that this Court possesses supplemental jurisdiction over the state law claims alleged against Peter and Deidre Walts, Atul Gupta, Kaiser Permanente, and Del Amo Hospital pursuant to 28 U.S.C. § 1367. The Court's supplemental jurisdiction invests the Court with jurisdiction "over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). District Courts may decline supplemental jurisdiction over a claim if:

---

[1]      Defendant Charlie Beck, the Chief of the Los Angeles Police Department, is also named as a defendant in the Complaint's fifth claim. At the time of the filing of the Notice of Removal, Chief Beck had not yet been served with the Complaint.

[2]      Although Deidre Walts is listed as a defendant in the Complaint's caption, none of the claims are asserted against her.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5302 PA (Ex) | Date | August 21, 2014 |
|---|---|---|---|

| Title | Jayne Kaplan v. Peter Walts, et al. |
|---|---|

(1)    the claim raises a novel or complex issue of State law,

(2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)    the district court has dismissed all claims over which it has original jurisdiction, or

(4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Because the claims against the Municipal Defendants do not overlap with the claims alleged against Peter and Deidre Walts, Atul Gupta, Kaiser Permanente, and Del Amo , and appear to involve different facts and law, the Court orders the parties to show cause in writing why the Court should not decline to exercise supplemental jurisdiction over the claims alleged against Peter and Deidre Walts, Atul Gupta, Kaiser Permanente, and Del Amo.  See 28 U.S.C. 1367(c)(1), (c)(2), & (c)(4); see also City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L. Ed. 2d 525 (1997) ("Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims.  The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988)).  The parties' responses to this order to show cause shall be filed no later than September 2, 2014.  Alternatively, if Plaintiff desires to prosecute the entire action in one venue, she may dismiss the federal claim asserted against the Municipal Defendants brought pursuant to 42 U.S.C. § 1983, and the Court would remand the entire remaining action, including the remaining state law claims asserted against the Municipal Defendants, to Los Angeles Superior Court.

IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | RGN | |